LILLIE M. JONES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANK H. JONES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WALTER E. JONES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 28613–28615.   Promulgated November 11, 1930.

*D. Webster Egan, Esq.*, for the petitioners.
*J. E. Mather, Esq.*, and *R. W. Wilson, Esq.*, for the respondent.

OPINION.

SEAWELL: The decision of the first issue is controlled by *Henry Cappellini et al.*, 14 B. T. A. 1269.

The second issue it is not necessary to decide, in view of our decision on the third issue.

The third issue is whether the proposed deficiency in tax is barred by the statute of limitations.

Under the provisions of section 250 (d) of the Revenue Acts of 1918 and 1921, and the related provisions of subsequent acts, the tax against the said Jones estate could be assessed and collected within five years from the date the return was filed, or until March 15, 1926. On August 20, 1925, and within the statutory period, the paper writing set out in our findings of fact, purporting on its face to be an " Income and Profits Tax Waiver," was signed by Mrs. Lillie M. Jones, stated in the paper to be the administratrix of the estate of E. E. Jones, who was the heretofore-mentioned decedent. The paper purporting to be a " waiver," if effective as such, extended the period for such assessment against the taxpayer to December 31, 1926.

At the time Mrs. Lillie M. Jones signed the alleged " waiver " she was not the administratrix of the estate of Elmer E. Jones, deceased, having by proper court proceedings been discharged as such in December, 1922. While her name appears in the body of the paper writing as administratrix, she did not sign as such and, not being in fact administratrix, had no authority to so sign.

The paper writing termed a " waiver " and signed by " Lillie M. Jones, Taxpayer " on August 20, 1925, did not extend the five-year period for the determination and assessment of any tax deficiency against the estate of Elmer E. Jones. *South Penn Oil Co.*, 20 B. T. A. 1180.

The assessment of an income and profits tax of $38,761.19 against the said Jones estate for the year 1920 was made and notice of same mailed to Mrs. Lillie M. Jones, as administratrix of said estate as indicated in our findings of fact, *within* the statutory period of five years from the filing of the 1920 tax return by said administratrix. Cf. *Nauts* v. *Clymer*, 36 Fed. (2d) 207.

The provisions of section 280 (b) (1) of the Revenue Act of 1926, enacted February 26, 1926, extended the period of limitation for assessment of any liability of the petitioners, as transferees for unpaid taxes of the taxpayer, one year after the expiration of the period of limitation for assessment against the transferor or to March 15, 1927. The respondent's notices to the transferee petitioners of their liability were mailed March 22, 1927, which is more than a year after the period for assessment against the transferor expired, and assessment against the petitioners is barred.

*Judgment of no deficiency will be entered.*